IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEBORAH JAYNE LARSON, § | |
| § | |
| Plaintiff, § | |
| vs. § | |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | CIVIL NO: 4-21-CV-00970 |
| COMPANY, AS TRUSTEE FOR § | |
| MORGAN STANLEY ABS CAPITAL I § | |
| INC. TRUST 2005-HE1, MORTGAGE § | |
| PASS-THROUGH CERTIFICATES, § | |
| SERIES 2005-HE1; AND § | |
| PHH MORTGAGE CORPORATION, § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES REGARDING COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Deborah Jayne Larson ("Plaintiff" or "Jayne Larson") files this *Answer and Affirmative Defenses to Counterclaim* in response to Defendants' Amended Answer, Affirmative Defenses, and Counterclaim ("Counterclaim") filed by Defendants, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2005-HE1, Mortgage Pass-Through Certificates, Series 2005-HE1 ("Deutsche Bank") together with PHH Mortgage Corporation ("PHH") (collectively Deutsche Bank and PHH are "Defendants").

**JURSIDTION AND VENUE**

1.      The allegations in this paragraph constitute legal conclusions to which no response is required.

2.      The allegations in this paragraph constitute legal conclusions to which no response is required.

## THE PARTIES

3. Plaintiff admits the allegations in this paragraph.

4. Plaintiff admits that Deutsche Bank is a national banking association. Plaintiff lacks sufficient information or belief to enable her to answer the allegation that Deutsche Bank is authorized to conduct business in the State of Texas and on that basis denies the allegation.

5. Plaintiff admits that PHH is a corporation. Plaintiff lacks sufficient information or belief to enable her to answer the allegation that PHH is organized under the law of New Jersey and that PHH is authorized to conduct business in the State of Texas, and on that basis denies the allegation.

## FACTUAL BACKGROUND

### A. The Loan

6. Plaintiff admits that on or about September 4, 2004, Sydney Shirley Larson ("Borrower") obtained a mortgage loan in the original principal amount of $88,000.00 by executing the Note. Except as admitted, Plaintiff lacks sufficient information or belief to enable her to answer the allegations in this paragraph and on that basis, denies the allegations.

7. Plaintiff admits that the Note is secured by that certain Texas Home Equity Security Instrument and Texas Home Equity Affidavit and Agreement ("*Security Instrument*") of even date therewith, signed by Borrower, which was filed for record in the Official Records of Harris County, Texas, creating a lien on the Property, as being further described as follows:

> LOT SIX (6) OF HARRISON VILLAS, AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 284, PAGE 124 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

The allegation that the lien is valid constitutes a legal conclusion to which no response is required. Plaintiff lacks sufficient information or belief to enable her to answer the allegation

that Exhibit 2 is a true and correct copy of the Security Instrument and on that basis denies the allegation.

8. Plaintiff admits that Deutsche Bank is the beneficiary under the Security Instrument. Except as admitted, Plaintiff lacks sufficient information or belief to enable her to answer the allegations in this paragraph and on that basis, denies the allegations.

9. Plaintiff lacks sufficient information or belief to enable her to answer the allegations in this paragraph and on that basis, denies the allegations.

**B. The Default**

10. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Plaintiff states that the Note and Security Instrument speak for themselves and respectfully refers the Court to such documents for a complete and accurate statement of its contents.

11. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Plaintiff states that the Note and Security Instrument speak for themselves and respectfully refers the Court to such documents for a complete and accurate statement of its contents.

12. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Plaintiff states that the Note and Security Instrument speak for themselves and respectfully refers the Court to such documents for a complete and accurate statement of its contents.

13. Plaintiff lacks sufficient information or belief to enable her to answer the allegation that on September 1, 2015, the Servicer mailed Borrower a Notice of Default. The allegations in this paragraph that the Notice of Default provided notice the Loan was past-due

in the amount of $91,213.81 and indicated that foreclosure proceeding foreclosure proceedings would be initiated if this default amount was not paid constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Plaintiff states that the Notice of Default speaks for itself and respectfully refer the Court to such document for a complete and accurate statement of its contents. Plaintiff lacks sufficient information or belief to enable her to answer whether Exhibit 4 is a true and correct copy of the Notice of Default.

C. **Tolling of Limitations Period**

    *1. The Prior Lawsuits*

14.    Plaintiff admits that several judicial proceedings have occurred related to the Property since Borrower's death. Plaintiff lacks sufficient information or belief to enable her to answer whether there were six separate proceedings, and on that basis, denies that allegation.

15.    Plaintiff admits that on July 22, 2011 Deutsche Bank filed a Home Equity Foreclosure Application was filed in Cause No. 2011-43354 in the 157th Judicial District Court of Harris County, Texas. Plaintiff denies that the 2011 Application was an application for judicial foreclosure. Plaintiff lacks sufficient information or belief to enable her to answer the allegation that a balance of $83,522.93 was owed on the Note and on that basis, denies the allegation.

16.    Plaintiff admits the allegations in this paragraph, except Plaintiff denies any implication that Larson had authority or standing to bring suit on behalf of the Estate of Borrower.

17.    Plaintiff admits that on October 4, 2013 Deutsche Bank filed a Home Equity Foreclosure Application was filed in Cause No. 2013-59791 in the 125th Judicial District Court of Harris County, Texas. Plaintiff denies that the 2013 Application was an application for

judicial foreclosure. Plaintiff lacks sufficient information or belief to enable her to answer the allegations that the amount owed to cure the default was $13,889.51 and the total balance of the Note was $98,511.50 and, on that basis, denies the allegations. Plaintiff denies that Larson answered on behalf of the Estate of Borrower. Plaintiff denies that an order granting *judicial* foreclosure was signed on March 7, 2014. Plaintiff admits the March 7, 2014 order for non-judicial foreclosure was thereafter vacated. Except as admitted, Plaintiff lacks sufficient information or belief to enable her to answer the allegations in this paragraph and on that basis, denies the allegations.

18. Plaintiff denies that on May 27, 2014 Larson filed a complaint against Deutsche Bank. Plaintiff admits that the Larson's complaint filed on May 5, 2014 in Cause 2014-25592 in the 55th Judicial District Court of Harris County, Texas was removed as Cause No. 4:14-CV-01470 in the United States District for the Southern District of Texas, Houston Division. Plaintiff lacks sufficient information or belief to enable her to answer the allegations whether the 2014 case was dismissed with prejudice for failure to state a claim on September 19, 2014 and on that basis, denies the allegation. Plaintiff admits that on July 25, 2017 Servicer, on behalf of Deutsche Bank, filed a Home Equity Foreclosure Application in Cause No. 2017-49199 in the 152nd Judicial District Court of Harris County, Texas. Plaintiff denies that the 2017 Application was an application for judicial foreclosure. Plaintiff lacks sufficient information or belief to enable her to answer the allegations that the amount owed to cure the default was $105,836.57 and the total balance of the Note was $146,082.69 and, on that basis, denies the allegations. Plaintiff admits that the 152nd Court granted judgment in favor of Defendants in June 2018, that Plaintiff filed a motion to vacate but denies that such motion was filed to prevent the foreclosure of the Property. Plaintiff admits the 2017 Application case was dismissed on September 12, 2018.

### 2. The Bankruptcies and Probate Proceeding

19. Plaintiff admits on November 3, 2014 Larson filed a bankruptcy petition (the "2014 Bankruptcy") in the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). Plaintiff denies the 2014 Bankruptcy was pending for a total of 111 days before it was dismissed on February 24, 2015.

20. Plaintiff admits on April 6, 2015 Larson filed a bankruptcy petition (the "2015 Bankruptcy") in Bankruptcy Court. Plaintiff denies the 2015 Bankruptcy was pending for a total of 148 days before it was dismissed on September 1, 2015.

21. Plaintiff admits the allegations in this paragraph.

22. Plaintiff admits the allegations in this paragraph.

23. Plaintiff admits the allegations in this paragraph.

### 3. Death of Borrower

24. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Plaintiff states that the TEX. CIV. PRAC. & REM. CODE § 16.062[1] speaks for itself and respectfully refers the Court to such statute for a complete and accurate statement of its contents.

### 4. Impact of Prior Proceedings

25. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Plaintiff states that the TEX. R. CIV. P. 736.11 speaks for itself and respectfully refers the Court to such rule for a complete and accurate statement of its contents.

26. Plaintiff denies the allegations in this paragraph.

---

[1] Defendants cited TEX. R. CIV. P. 16.062 but Plaintiff assumes this reference was incidental error and that Defendants intended TEX. CIV. PRAC. & REM. CODE § 16.062.

27. The allegations in this paragraph constitute legal conclusions to which no response is required.

28. The allegations in this paragraph constitute legal conclusions to which no response is required.

29. Plaintiff admits that she filed suit against Defendants on February 22, 2021. Plaintiff denies that her filing suit tolled the limitations period.

30. Plaintiff denies the allegations in this paragraph.

## CAUSES OF ACTION

### A. Judicial Foreclosure

31. Plaintiff re-alleges and incorporates each and every response set forth above as if fully stated herein.

32. Plaintiff denies the allegations in this paragraph.

33. Plaintiff admits Deutsche Bank is the beneficiary of the Security Instrument. Plaintiff lacks sufficient information or belief to enable her to answer the allegation that Deutsche Bank is owner of the Note. Plaintiff denies the remaining allegations in this paragraph.

34. Plaintiff lacks sufficient information or belief to enable her to answer the allegations in this paragraph and on that basis, denies the allegations.

35. Plaintiff denies the allegations in this paragraph.

36. Plaintiff denies the allegations in this paragraph.

### B. Equitable Subrogation

37. Plaintiff re-alleges and incorporates each and every response set forth above as if fully stated herein.

38. Plaintiff denies the allegations in this paragraph.

### C. Unjust Enrichment

39. Plaintiff re-alleges and incorporates each and every response set forth above as if fully stated herein.

40. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Plaintiff denies the allegations in this paragraph.

41. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Plaintiff denies the allegations in this paragraph.

42. Plaintiff denies the allegations in this paragraph.

### PRAYER

43. Plaintiff denies the allegations in this paragraph.

*****************

### AFFIRMATIVE DEFENSES

Plaintiff alleges the following affirmative defenses to the Counterclaim. In asserting these affirmative defenses, Plaintiff does not assume the burden to establish any fact or proposition where that burden is property imposed on Defendant.

### FIRST AFFIRMATIVE DEFENSE

(Unclean Hands)

1. Some or all of Defendants' counterclaims are barred by the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Some or all of Defendants' counterclaims are barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

3. Some or all of Defendants' counterclaims are barred by waiver.

## FOURTH AFFIRMATIVE DEFENSE

(Condition Precedent)

4. Defendants' claims fail due to their failure to satisfy a condition precedent to the commencement of this action.

## FIFTH AFFIRMATIVE DEFENSE

(Additional Defenses)

5. Plaintiff states that she does not presently know all the facts concerning the conduct of Defendants and their enumerated (or potential) causes of action sufficient to state all affirmative defenses at this time. Accordingly, Plaintiff reserves the right to asset additional affirmative defenses in the event that she later discovers facts supporting such defenses.

Respectfully submitted,

CRAIN, CATON & JAMES
A Professional Corporation

BY:   /s/ Keith A. Taylor
      KEITH A. TAYLOR
      Southern District of Texas I.D. No. 3657966
      (TBA #24088511)
      ktaylor@craincaton.com
      GABRIELA M. BARAKE
      Southern District of Texas I.D. No. 3006704
      (TBA #24099794)
      gbarake@craincaton.com
      1401 McKinney, Suite 1700
      Houston, Texas 77010-4035
      (713) 658-2323
      (713) 658-1921 (Facsimile)
    Attorneys for Plaintiff, Deborah Jayne Larson

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF filing system on April 29th, 2021, and served on all counsel of record as shown below:

*Via ECF and/or Email*
Brian Paino
bpaino@mcglinchey.com
Nicholas R. O'Conner
noconner@mcglinchy.com
McGlinchey Stafford
1001 McKinney, Suite 1500
Houston, Texas 77002
(713) 520-1900 (Telephone)
(713) 520-1025 (Facsimile)
*Attorneys for Defendants*

      /s/ Keith A. Taylor
      KEITH A. TAYLOR